Alvin **FREEDMAN**, Plaintiff-Appellant,

v.

**NATIONAL MARITIME UNION OF AMERICA, AFL–CIO**, Defendant-Appellee,

and

**American Export Isbrandtsen Lines, Inc.**, Defendant-Appellee.

No. 456, Docket 29549.

United States Court of Appeals
Second Circuit.

Argued April 28, 1965.

Decided June 23, 1965.

Alvin Freedman, pro se.

Abraham E. Freedman, Charles Sovel, Stanley B. Gruber, New York City, for defendant-appellee National Maritime Union.

Lorenz, Finn & Giardino, New York City, for defendant-appellee American Export Isbrandtsen Lines, Inc.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge:

Plaintiff brought his action in the United States District Court for the Southern District of New York against the National Maritime Union, his former collective bargaining representative, and the American Export Isbrandtsen Lines, his former employer. He alleged that the company had breached the collective bargaining agreement which governed his employment by discharging and refusing to rehire him, a breach in which the union had participated; that the union had violated its fiduciary obligation to represent plaintiff fairly; and that the company and the union had conspired to defraud him of his rights under the collective bargaining agreement. Jurisdiction was founded on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Humphrey v. Moore, 375 U.S. 335, 341, 344, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964).

The underlying facts are not in dispute. On October 27, 1961, plaintiff was discharged by the company from his position as able bodied seaman aboard the S.S. "Export Aide." The company claimed, without contradiction by plaintiff, that on September 18 he had been unable or unwilling to steer the vessel properly, and that on October 15 he had refused to obey a legitimate order of his boatswain.

Plaintiff requested the union to challenge his discharge through the grievance and arbitration procedures prescribed in the collective bargaining agreement between the union and the company. After investigating the circumstances surrounding the discharge, the union agent responsible for processing plaintiff's grievance decided not to

pursue the matter further. The agent claimed that, in view of plaintiff's refusal to obey proper orders, the company's action was entirely justified.

On February 27, 1962, an examiner for the United States Coast Guard found plaintiff guilty of negligence in steering the S.S. "Export Aide," and suspended his seaman's documents on probation. This ruling was reversed by the Acting Commandant on December 16, 1963, on the limited ground that plaintiff "could not steer properly, at any time, even after considerable practice" and therefore could not be charged with negligence.

Meanwhile, plaintiff, because of the company's failure to rehire him and the union's failure to prosecute his grievance, had filed a series of charges with the National Labor Relations Board against the union and the company. In each instance the Regional Director and the General Counsel of the Board, finding no basis for plaintiff's claim that he was the object of discriminatory treatment, refused to issue a complaint.

On August 21, 1964, plaintiff instituted the present suit. Defendants moved to dismiss the action under Fed.R.Civ.P. 12(b) (6) and for summary judgment under Fed.R.Civ.P. 56. Judge Bonsal granted the motion for summary judgment, ruling that the papers which had been submitted to him demonstrated that "plaintiff was not discharged without cause," that "the Union did not act in bad faith in refusing to process his grievance for wrongful discharge," and that "plaintiff's charges of conspiracy and fraud are conclusory * * *"

We agree with the district judge that the papers in this case demonstrate, pursuant to Fed.R.Civ.P. 56(c), "that there is no genuine issue as to any material fact and that the [defendants are] entitled to a judgment as a matter of law." We have also considered plaintiff's procedural objections and find them to be without merit as grounds for reversing the district court. The judgment below is therefore affirmed.